IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LIQUA-DRY, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>TAMARACK BIOTICS LLC, a California limited liability company,<br><br>        Defendant. | ORDER AND MEMORANDUM DECISION<br><br><br><br>Case No. 2:17-CV-206-TC |

      Plaintiff Liqua-Dry and Defendant Tamarack Biotics entered an agreement for the purpose of developing, in a commercially-viable way, powdered milk that maintained the milk's healthful bioactive properties. Tamarack allegedly worked independently with other companies to achieve this same goal. Because of those relationships, Liqua-Dry alleges Tamarack committed numerous business-related torts. Tamarack counterclaims that Liqua-Dry fraudulently and/or negligently misled them regarding Liqua-Dry's expenses and expertise at drying milk.

Liqua-Dry moves for summary judgment on Tamarack's counterclaims.[1] In response, Tamarack, citing Federal Rule of Civil Procedure 56(d), requests that the court allow time to complete discovery before ruling on Liqua-Dry's motion or, in the alternative, to deny it.[2] Because discovery is ongoing and for the reasons detailed below, the court grants Tamarack's 56(d) request and defers ruling on Liqua-Dry's Motion.

## **STANDARD OF REVIEW**

### **Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(1)(B); see also Justice v. Crown Cork & Seal Co., Inc., 527 F.3d 1080, 1085 (10th Cir. 2008). Examining that evidence, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Seegmiller v. LaVerkin City, 528 F.3d 762, 766 (10th Cir. 2008).

But when the nonmovant requests a stay under Rule 56(d), a court considering the summary judgment motion may (1) "defer considering the motion or deny it," (2) "allow time to obtain affidavits or declarations or to take discovery," or (3) "issue any other appropriate order." Fed. R. Civ. P. 56(d)(1)-(3). "The general principle of Rule [56(d)] is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Price v. W. Resources, Inc., 232 F.3d 779, 783

---

[1] Pl.'s Mot. for Summ. J. on Countercl. and Supporting Mem., ECF No. 15 ("Liqua-Dry's Motion").
[2] Def.'s Mem. In Opp'n to Pl.'s Mot. for Summ. J. on Def's Countercl. and, Alternatively Def.'s Rule 56(d) Mot. ECF No. 24 ("56(d) Motion").

(10th Cir. 2000). "Unless dilatory or lacking in merit," a party's Rule 56(d) motion "should be liberally treated." Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted). Nonetheless, "there is no requirement […] that summary judgment not be entered until discovery is complete." Price, 232 F.3d at 784 (citing Weir v. Anaconda Co., 773 F.2d 1073, 1081 (10th Cir. 1985)).

## ANALYSIS

Here, Tamarack claims it has not had the opportunity to discover information essential to its counterclaims.[3] To prevail on a Rule 56(d) motion, a party must submit an affidavit that (1) explains which "facts precluding summary judgment cannot be presented," (2) identifies the "probable facts not available" and the steps taken to obtain those facts, and (3) "how additional time will enable [the party] to rebut movant's allegations of no genuine issue of fact." Id. at 783.

Tamarack's counsel has submitted a rule 56(d) request—not a motion—but has provided an affidavit asking the court to refrain from ruling on summary judgment. (Decl. in Supp. of Def.'s Rule 56(d), ECF No. 25 (affidavit.)) In the affidavit, counsel identifies at least three issues for discovery: (1) whether Liqua-Dry misrepresented the actual costs of production, (2) if Liqua-Dry had expertise in membrane filtration, and (3) the extent of Liqua-Dry's prior milk drying experience. (Id. at 2.) According to Tamarack, having this information would allow Tamarack to substantively oppose Liqua-Dry's motion for summary judgment. Finally, in the affidavit, counsel asserts that discovery is "ongoing and does not close until December 22, 2017." (Id. 2.) In other words, there is no delay because Tamarack asks not for extra time but only that already granted for discovery in this case.

---

[3] 56(d) Request at 8.

Based on Tamarack's affidavit and because discovery will soon end, the court allows Tamarack to continue discovery on its counterclaims until December 22 in accord with the scheduling order. Tamarack has until January 4, 2018, to file its amended opposition incorporating new evidence found in discovery. Liqua-Dry will be given fourteen days to file an amended reply after receipt of Tamarack's amended opposition.

## ORDER

For the foregoing reasons, the court orders as follows:

1. Plaintiff's Motion for Summary Judgment of Defendant's counter claims (ECF No. 15) is STAYED.

2. Defendant's 56(d) Request (ECF No. 24) is GRANTED.

3. Defendant will have until December 22, 2017, to conduct discovery on its counterclaims.

4. Plaintiff has fourteen days to file a reply after receipt of Defendant's amended opposition.

SO ORDERED this 8th day of November, 2017.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge